IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Julian and Rochelle Walker, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Diversified Consultants, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Julian and Rochelle Walker, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Julian and Rochelle Walker ("Rochelle" and "Julian" and collectively referred to as "Plaintiffs"), are adult individuals residing in Marietta, Georgia, and each is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Consultants, Inc. ("Diversified"), is a Florida business entity with an address of 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256-2805, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. <u>Diversified Engages in Harassment and Abusive Tactics</u>**

12. On February 25, 2019, Rochelle called Diversified to make payment arrangement to pay the Debt.

13. Rochelle made an immediate payment to Diversified and agreed to make two additional payments on March 15, 2019 and March 29, 2019 to resolve the Debt.

14. Despite the foregoing, Diversified thereafter called Julian, Rochelle's son, in an attempt to collect the Debt.

15. Each time Julian answered the phone, Diversified hung up, causing Julian to feel harassed and frustrated.

16. This harassment on the account when a payment arrangement had already been made caused Plaintiffs significant frustration, confusion and anxiety.

### C. Plaintiffs Suffered Actual Damages

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

25. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Each Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

27. The Plaintiffs incurred a Debt as a result of engaging into "consumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

28. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

29. The Plaintiffs suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

30. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiffs are entitled to damages plus reasonable attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless,

and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 20, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiffs Julian and Rochelle Walker
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com